UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20544-DPG/LFL

JAY LEWIS FARROW, *et al.*,

    Plaintiffs,

v.

IOA GROUP, LLC, *et al.*,

    Defendants.
_____/

## ORDER OF INSTRUCTIONS

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Several Defendants have filed motions in which they certify that attempts to contact Plaintiff via the contact information in the docket and Plaintiff's contact information in the Florida Bar Member Directory have been unsuccessful. Though Plaintiff Jay Farrow is an attorney, he is proceeding herein without retained counsel; that is, *pro se*. *Pro se* litigants, like all litigants, must comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida (the "Local Rules"), and this Court's Orders. Plaintiff may obtain the Local Rules from the Clerk of Court. Failure to comply with the Federal Rules of Civil Procedure or the Local Rules may result in sanctions being imposed against the *pro se* litigant. Some of the requirements of these rules include, but are not limited to, the following:

    1.    A *pro se* litigant must promptly notify the Court of any change in address by filing a "Notice of Change of Address," which also must be served on opposing counsel. Further, a *pro se* litigant is required to supply the Court with his email address(es) and telephone number(s) to facilitate communication and the timely receipt of Court orders.

2. All papers filed with the Clerk of Court must also be served on opposing counsel, or the opposing side if the opposing side is not represented by counsel. Each filing must include a Certification of Service, indicating the name and address of the attorney or party served, as required by Local Rule 5.2(a), as well as a certificate of conferral, if required by Local Rule 7.1(a)(3). <u>Local Rule 7.1(a)(3) cautions that failure to confer in good faith prior to filing a motion with the Court may be grounds for granting or denying a motion, and for imposing sanctions. The obligation to cooperate in conferral is reciprocal and requires the non-movant to act in good faith in attempting to resolve the dispute prior to the filing of a motion.</u>

3. Every pleading, motion, memorandum, or other paper required and/or permitted to be filed with the Court must be filed directly with the Clerk of Court. No letters, pleadings, motions, or other documents may be sent directly to the presiding District Judge or Magistrate Judge's chambers. Any papers improperly delivered directly to chambers of any Judge of this Court will be disregarded by the Court.

4. Plaintiff may consent to receive Notices of Electronic Filing by completing and filing a Consent by Pro Se Litigant (Non-Prisoner) to Receive Notices of Electronic Filing, which can be found on the Court's website at www.flsd.uscourts.gov/forms.

5. All papers filed with the Court must include the case style, case number, and appropriate title for the paper in the format required by the Local Rules. The signature block of each paper filed with the Court must also contain the *pro se* litigant's name, address and telephone number.

6. A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by Local Rule 7.1(c)(1).

7. A *pro se* litigant is reminded that the Court and its staff cannot entertain *ex parte* communications—that is, communications with only one side to a dispute. *Ex parte* communications are expressly prohibited, whether by phone, by email, or by physically appearing at the chambers of any Judge. To that end, the *pro se* litigant or his or her family, friends, or acquaintances, may not contact the Judge's chambers for legal advice about the case, for assistance with interpreting Court orders, or for status updates on the case. Communications with the Court may only occur through filings on the docket. Brief case status information contained on the docket sheet may be obtained from the Clerk of Court.

8. A *pro se* litigant bears responsibility for actively pursuing his case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of April, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE