UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20544-RS/LFL

JAY LEWIS FARROW, *et al.*,

    Plaintiffs,

v.

IOA GROUP, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court on Defendant Weiss, Serota, Helfman, Cole & Bierman, P.L.'s ("Weiss Serota") Motion to Quash Service and Dismiss (ECF No. 85) and on a *sua sponte* review of the record.[1] Plaintiffs have not filed a response to Weiss Serota's Motion and the time to do so has passed.

**I.   BACKGROUND**

Plaintiffs initiated this action on February 5, 2025, with the filing of a Verified Complaint against 29 Defendants. (ECF No. 1). Thus, Plaintiffs were required to serve all Defendants with a summons and copy of the Verified Complaint on or before May 6, 2025. *See* Fed. R. Civ. P. 4(m).

The returns of service filed on the docket show that 22 Defendants were timely served. *See* (ECF Nos. 62, 76). Weiss Serota was served on May 9, 2025. (ECF No. 76-5). No returns of

---

[1] Prior to his recusal from this case, the Honorable Jose E. Martinez, United States District Judge, referred this case to Magistrate Judge Eduardo Sanchez for a ruling on all pretrial, non-dispositive matters and for a report and recommendation on all dispositive matters. (ECF No. 11). Following Judge Sanchez's recusal, this case was reassigned to the undersigned. (ECF No. 12).

1

service have been filed for FTI Consulting, Inc.; Steven H. Gunby; Timothy Kolaya; Roig, Rosenberg, Martin & Bellido, P.A.; Telan, Meltz, Wallace & Eide, P.A.; or Christopher Oprison.

On May 6, 2025, Plaintiffs moved for an extension of time to effectuate service. (ECF No. 63). The Court denied Plaintiffs' Motion. (ECF No. 82). Weiss Serota's present Motion to Quash Service and Dismiss followed.

## II. DISCUSSION

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiffs' Motion for an Extension of Time to Effectuate Service was fully briefed. *See* (ECF Nos. 63, 64, 77). For the reasons explained in my Order, Plaintiffs have not established good cause for the failure to serve seven Defendants within 90 days, and a discretionary extension of time is not warranted. *See* (ECF No. 82).

Weiss Serota filed the instant Motion four weeks ago. Plaintiffs have not filed a response nor sought an extension of time to do so.

## III. RECOMMENDATIONS

Therefore, I respectfully **RECOMMEND**:

1. Weiss Serota's Motion to Quash Service and Dismiss (ECF No. 85) be **GRANTED**; and
2. The Court dismiss this action without prejudice against the following Defendants:
    a. Weiss, Serota, Helfman, Cole & Bierman, P.L.
    b. FTI Consulting, Inc.
    c. Steven H. Gunby
    d. Timothy Kolaya

      e. Roig, Rosenberg, Martin & Bellido, P.A.

      f. Telan, Meltz, Wallace & Eide, P.A.

      g. Christopher Oprison.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Rodney Smith, United States District Judge, within **FOURTEEN (14) days** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 3rd day of July, 2025.

                                                                        LAUREN F. LOUIS
                                                                        UNITED STATES MAGISTRATE JUDGE